UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Stefanie Woods**, | |
| Plaintiff, | Case No. |
| v. | |
| **Conifer Revenue Cycle Solutions, LLC**, d/b/a **Central Financial Control**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Stefanie Woods** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Conifer Revenue Cycle Solutions, LLC**, d/b/a **Central Financial Control**, (Defendant):

### INTRODUCTION

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1962o (FDCPA) and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.  This Court has subject-matter jurisdiction over the FDCPA claims in this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.  This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising

1

under the laws of the United States. See <u>Mims v. Arrow Fin. Servs., LLC</u>, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

    4.      This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Michigan and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Michigan.

    5.      Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

    6.      Plaintiff is a natural person residing in Rockford, Michigan 49341.

    7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

    8.      In the alternative, Plaintiff is a person granted a cause of action under the FDCPA by 15 U.S.C. § 1692k(a). <u>See</u> <u>e.g.</u>, <u>Wenrich v. Robert E. Cole, P.C</u>, 2001 WL 4994, at *3 (December 22, 2000).

    9.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

    10.      Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 3560 Dallas Parkway, Frisco, Texas 75034.

    11.      Defendant contracts with clients to contact persons who owe debts to those clients via telephone, the U.S. Mail, and/or the Internet in an attempt to solicit or encourage those persons to remit monies to Defendant or its clients in satisfaction of those debts.

    12.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

    13.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

    14.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**FACTUAL ALLEGATIONS**

15. Plaintiff has a cellular telephone number.

16. Plaintiff has only used this phone number as a cellular telephone.

17. Beginning in or around August 2015 and continuing through around late 2017, Defendant repeatedly called Plaintiff on her cellular telephone to collect on an alleged medical debt.

18. Plaintiff does not own or operate a business or other commercial enterprise and thus cannot owe any business or commercial debts.

19. Because Plaintiff cannot owe any business or commercial debts, the debt must have arisen from a transaction primarily for personal, household, or family purposes.

20. Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

21. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a prerecorded or automatically-generated voice and/or a pause or delay before being connected with Defendant's live representatives.

22. Within the first few calls around August 2015, Plaintiff told Defendant that she did not wish to be contacted.

23. On subsequent calls through 2017, Plaintiff repeated her instruction to Defendant not to call.

24. Defendant heard and acknowledged Plaintiff's instruction to stop calling.

25. Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

26. Once Defendant was aware Plaintiff wanted it to stop calling, the only purpose further calls could serve would be to harass Plaintiff.

27. Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff multiple times per week through to late 2017.

28. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

29. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

30. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

31. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

32. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

33. Within the past year, Defendant caused Plaintiff's telephone to ring and/or attempted to engage Plaintiff in telephone conversation repeatedly.

34. Because Plaintiff informed Defendant that she did not wish to be contacted, and because of the history of prior calls and other communications, Defendant's frequent calls to Plaintiff within the past year had the natural consequence of harassing, oppressing, abusing, and annoying Plaintiff, and Defendant intended that its actions have these consequences.

35. Defendant therefore violated both Section 1692d and 1692d(5) of the FDCPA.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

36. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

37. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

38. Defendant initiated repeated calls to Plaintiff's cellular telephone.

39. Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

40. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number with a prerecorded or automatically generated voice.

41. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

42. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

43. Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

44. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

45. When Defendant called Plaintiff from around August 2015 through late 2017, it knew no later than Plaintiff's first instruction to stop calling that it did not have prior express consent to call Plaintiff.

46. When Defendant called Plaintiff from around August 2015 through late 2017, it knew it was placing calls to Plaintiff's cellular telephone.

47. Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

48. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

**Wherefore**, Plaintiff, **Stefanie Woods**, respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));

b. Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A))

c. All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3));

d. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

e. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

f. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

  g.  Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

  h.  Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Stefanie Woods**, demands a jury trial in this case.

Respectfully submitted,

Dated: April 17, 2018   By: *s/ Joseph C. Hoeffel*
              Joseph C. Hoeffel, Esq.
              Kimmel & Silverman, P.C.
              30 East Butler Pike
              Ambler, PA 19002
              Phone: 215-540-8888
              Facsimile: 877-788-2864
              Email: jhoeffel@creditlaw.com